**JUN EN ZHANG, Petitioner,**

v.

**Alberto GONZALES,[1] Respondent.**

**No. 04–3855–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Gerald Karikari, New York, New York, for Petitioner.

Steven K. Mullins, Assistant United States Attorney, Office of United States Attorney for the Western District of Oklahoma, Oklahoma City, Oklahoma, for Respondent.

PRESENT: CABRANES, RAGGI, and WESLEY, Circuit Judges.

SUMMARY ORDER

Jun En Zhang petitions for review of an order of the BIA affirming an order of an immigration judge ("IJ") denying his application for asylum and withholding of removal, finding him ineligible for Convention Against Torture ("CAT") relief, and ordering him removed to China. We assume the parties' familiarity with the facts and the record of prior proceedings, which

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

we reference only as necessary to explain our decision.

This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d at 307) (internal quotations omitted). While we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312.

The IJ improperly questioned Zhang about the events surrounding the Tiananmen Square protest because his questions were based on IJ's personal knowledge of the incident and facts not contained in the record. *See Huang v. Gonzales*, 403 F.3d 945, 947–50 (7th Cir.2005) (holding the IJ improperly based his credibility finding on the petitioner's failure to correctly answer questions about Catholic beliefs and practices when the record contained no information about Catholicism). The IJ also improperly determined that Zhang lacked credibility because he did not continue to support and learn about the Chinese pro-democracy movement while he was in the United States. Zhang's continued participation in the pro-democracy movement is not required to establish a claim of perse-cution because Zhang's claim was based on his past activity. *Huang*, 403 F.3d at 950 (finding that the IJ improperly found petitioner's irregular church attendance undermined her claim of past persecution based upon her religious beliefs); *see also Secaida–Rosales v. INS*, 331 F.3d at 308 (holding that minor discrepancies that do not go to the heart of a petitioner's claim are an inadequate basis for an adverse credibility finding). Additionally, although the IJ determined that Zhang's claim of persecution on his return to China was not credible because China no longer prosecutes "anti-revolutionary" charges, the country profile indicates that people are still imprisoned on such charges. Moreover, although the IJ properly found that Zhang's failure to produce the book that was the basis of his claim called his credibility into question, the failure to produce corroborative evidence alone cannot support an adverse credibility determination. *See Diallo v. Ashcroft*, 232 F.3d 279, 287 (2d Cir.2000) (holding "it is inappropriate to base a credibility determination solely on the failure to provide corroborative evidence"). Accordingly, as the other grounds for the IJ's credibility findings were improper, Zhang's failure to produce the book, without more, is insufficient to sustain the IJ's finding that Zhang's testimony lacked credibility.

We GRANT the petition for review and REMAND for further proceedings consistent with this order.